Cameron W. Carr (SBN 258884)
Macey Bankruptcy Law, P.C.
260 California Street, Suite 801
San Francisco, CA 94111
Telephone: 866-339-1156
Fax: 415-986-1850
ccarr@maceybankruptcylaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| Mary White<br><br>    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>    Defendant. | Case No.: **C12-01224**<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Concord, CA at all times relevant to this action.

2. Defendant is a Virginia limited liability company that maintained its principal place of business in Norfolk, VA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

Complaint - 1

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Sears, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around January 24, 2012, Plaintiff retained an attorney to file bankruptcy.

14. On or around January 25, 2012, Defendant telephoned Plaintiff in connection with the collection of the debt. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and provided Plaintiff's attorney's contact information. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on or around February 2 and February 16, 2012. During at least one of these communications, Plaintiff again notified Defendant that Plaintiff was represented by a bankruptcy attorney.

15. Defendant caused Plaintiff emotional distress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

18. In support hereof, Plaintiff incorporates paragraph 14 as if specifically stated herein.

## JURY DEMAND

19. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

20. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By: _____
Cameron W. Carr (SBN 258884)
260 California Street, Suite 801
San Francisco, CA 94111
Telephone: 866-339-1156
Fax: 415-986-1850
Email: ccarr@maceybankruptcylaw.com
*Attorney for Plaintiff*